UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAYLEN TIBBITT,<br><br>    Plaintiff,<br>  v.<br><br>BANK OF NEW YORK MELLON, QUALITY LOAN SERVICE CORP. OF WASHINGTON,<br><br>    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE DISTRICT COURT, TO ALL PARTIES, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD, IF ANY:**

Pursuant to 28 U.S.C. §§ 1331 and 1441, defendant Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-7 (incorrectly sued as Bank of New York Mellon) (hereafter ("BONYM"), without waiving defenses of lack of subject matter or personal jurisdiction, improper venue, insufficiency of service of process, failure to state a claim upon which relief may be granted, or any other valid defense, hereby removes this action from the Superior Court of Washington, County of Kitsap – where it is presently pending – to this United States District Court for the Western District of Washington. As grounds for this removal, BONYM asserts the following:

## THE ACTION BEING REMOVED

1. On October 16, 2018, Gaylen Tibbitt ("Plaintiff") filed a lawsuit in the Kitsap County, WA Superior Court, entitled *Tibbitt v. Bank of New York Mellon, et al.*, Case No. 18-2-02819-18 (the "Action").

2. To date, only co-Defendant Quality Loan Service Corp. ("QLS") may have been served with the summons and complaint. A copy of the summons and complaint is attached hereto as Exhibit "A," pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(b)(1).

3. A copy of the complete state court record is attached to the Verification of State Court Records, which shall be filed subsequent to this Notice of Removal, pursuant to Local Civil Rule 101(c).

4. BONYM will promptly file a copy of this Notice of Removal with the Clerk of the Kitsap County Superior Court and serve the same upon all parties, as required by 28 U.S.C. § 1446(a).

## REMOVAL BASED UPON FEDERAL QUESTION

5. The Action may be removed to this United States District Court, in accordance with 28 U.S.C. §§ 1331 and 1441 because this District Court has original jurisdiction over the Action on the basis of federal question. Removal is proper if an action includes a claim "arising under the Constitution, laws, or treaties of the United States" and would still be removable even if excluding a claim not within the original or supplemental jurisdiction of the district court. 28 U.S.C. § 1441(c)(1). At least *one* claim alleged in the complaint must arise under federal law. *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1413 (9th Cir. 1990).

6. The Action contains a claim alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692(f)(6), a federal statute.

7. Pursuant to 28 U.S.C. § 1446(a), BONYM hereby files this Notice in the District Court of the United States for the district and division within which the Action is pending.

//

//

**TIMELINESS OF REMOVAL**

8. A notice of removal must be filed within thirty (30) days after receipt of the initial pleading, through "service or otherwise." *See*, 28 U.S.C. § 1446(b). The removal time period begins only after formal service of process on the last party served. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (a defendant's removal period is only "triggered by simultaneous service of the summons and complaint, or receipt of the complaint ... after and apart from service of the summons, but not by mere receipt of the complaint unattended by formal service.").

9. Here, the lawsuit was filed in state court on October 16, 2018. Although Plaintiff may have served QLS, BONYM has not been served with the summons and complaint in the six months since the filing of the original action. Accordingly, this removal is timely.

**CONSENT OF OTHER PARTIES**

10. The written consent to this removal of co-defendant QLS shall be filed forthwith.

**CONCLUSION**

This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See also* 28 U.S.C. §1446(a). By this Notice of Removal and the associated attachments, BONYM does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. BONYM intends no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, the Action is hereby removed from the State Court to this United States District Court, for the Western District of Washington, and removing Defendant prays that this District Court proceed, pursuant to 28 U.S.C. § 1441, as well as any other relevant and applicable law, as if this Action had been originally filed in this District Court.

//

//

//

| | |
|---|---|
| DATED: May 21, 2019 | WRIGHT FINLAY & ZAK, LLP |
| | |
| | */s/ Joshua S. Schaer*_____<br>Joshua S. Schaer, WSBA # 31491<br>Attorneys for Defendant Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-7 |

### CERTIFICATE OF SERVICE

I, Karina Krivenko, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct: I am employed with the law firm of Wright, Finlay and Zak, LLP, I am a resident of the State of Washington, over the age of 18 years old, not a party to this action, and am competent to be a witness herein.

I hereby certify that I served the foregoing Notice of Removal to the following parties and/or attorneys who have filed notices of appearance in this matter via first-class, postage prepaid mail:

Gaylen Tibbitt
13497 Tenino Drive W
Bremerton, WA 98312
*Pro Se Plaintiff*

Robert William McDonald
Quality Loan Service Corp of Washington
108 1st Ave S, Ste 202
Seattle, WA 98104
rmcdonald@qualityloan.com
*Attorney for Defendant Quality Loan
Service Corp of Washington*

Dated: May 21, 2019

By: */s/Karina Krivenko*_____
Karina Krivenko