UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAYLEN TIBBITT,<br><br>               Plaintiff,<br><br>    v.<br><br>BANK OF NEW YORK MELLON and QUALITY SERVICE CORP. OF WASHINGTON,<br><br>               Defendants. | CASE NO. C19-5443 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, GRANTING DEFENDANT'S JOINDER IN THE MOTION, DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND GRANTING PLAINTIFF LEAVE TO AMEND AS TO ONE CLAIM |

This matter comes before the Court on Defendant Bank of New York Mellon's ("BONYM") motion to dismiss, Dkt. 7, Defendant Quality Loan Service Corporation of Washington's ("Quality") joinder in the motion, Dkt. 8, and Plaintiff Gaylen Tibbitt's ("Tibbitt") motion to amend, Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On June 11, 2005, Tibbett executed a promissory note (the "Note") in the amount of $211,244.00, payable to Countrywide Home Loans, Inc. Dkt. 7-1, Exh. 1.[1] Tibbett

---

[1] BONYM requests that the Court take judicial notice of eleven documents which were either publicly filed in relation to the property in question or in other court proceedings. Dkt. 7.

also executed a Deed of Trust securing repayment of the Note. *Id.*, Exh. 2. The recorded Deed of Trust encumbers real property commonly known as 13497 Tenino Drive W., Bremerton, WA 98312 (the "Property"). *Id.*

In July 2005, Tibbett was notified that the Note was sold to BONYM and that Bank of America, N.A. ("BANA") became the new loan servicer. Dkt. 1-1, ¶ 8.3. Thereafter, Tibbett commenced making loan payments to BANA. *Id.*

On March 18, 2015, an Assignment of the Deed of Trust in favor of BANA was recorded with the Kitsap County Auditor. Dkt. 7-1, Exh. 3.

In February 2016, Tibbett stopped making payments. Dkt. 1-1, ¶ 8.1.

On May 24, 2016, an Assignment of the Deed of Trust in favor of BONYM was recorded with the Kitsap County Auditor. Dkt. 7-1, Exh. 4. On July 28, 2017, BONYM, through its attorney-in-fact, executed a "Declaration of Beneficiary" attesting to BONYM's status as actual holder of the Note. Dkt. 1-1 at 112. On July 31, 2017, an Appointment of Successor Trustee, naming Quality as Successor Trustee under the Deed of Trust was recorded with the Kitsap County Auditor. Dkt. 7-1, Exh. 5.

On October 31, 2017, a Notice of Trustee's Sale was recorded with the Kitsap County Auditor, setting a sale date of March 9, 2018. *Id.*, Exh. 6. This sale did not occur, and on September 25, 2018, an Amended Notice of Trustee's Sale was recorded with the Kitsap County Auditor, scheduling November 2, 2018 as a new sale date for the Property. *Id.*, Exh. 7.

---

The Court finds that these documents satisfy the criteria for judicial notice, Fed. R. Evid. 201, and therefore grants BONYM's request.

On October 16, 2018, Tibbett filed this action in the Kitsap County Superior Court for the State of Washington. *Id.*, Exh. 8. On October 26, 2018, the court denied Tibbett's motion for an injunction to prevent the trustee's sale from occurring. *Id*. On November 1, 2018—one day before sale—Tibbett filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. *Id.*, Exh. 9. On December 17, 2018, BONYM moved for relief from the automatic bankruptcy stay, which Tibbett opposed based solely on his allegation that BONYM is not the proper holder of the Note. *Id.*, Exh. 10. On March 25, 2019, the bankruptcy court granted BONYM's motion for relief from stay allowing BONYM to proceed with a nonjudicial foreclosure. *Id.*, Exh. 11.

On May 21, 2019, BONYM removed the action. Dkt. 1. On May 30, 2019, BONYM moved to dismiss Tibbett's complaint. Dkt. 7. On June 4, 2019, Quality filed a notice of joinder. Dkt. 8. On June 20, 2019, Tibbett responded, Dkt. 10, and filed a motion to amend, Dkt. 11. On June 27, 2019, BONYM replied, Dkt. 12, and responded to Tibbett's motion, Dkt. 13.

## II. DISCUSSION

**A.  BONYM's Motion**

BONYM moves to dismiss Tibbett's complaint arguing that (1) his claims are barred by res judicata and (2) he fails to state a claim. Dkt. 7. First, res judicata "bars all grounds for recovery that *could have been asserted*, whether they were or not, in a prior suit between the same parties on the same cause of action." *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 528–29 (9th Cir. 1998) (internal quotation omitted). The

doctrine applies to matters decided in bankruptcy. *Id*. at 528. Courts consider four factors to determine whether the cause of action is the same in the current and prior suits:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of fact.

*Id*. at 529.

In this case, BONYM argues that the bankruptcy court's grant of its motion to lift the automatic stay bars Tibbett's claims because the bankruptcy court necessarily concluded that BONYM was the proper holder of the note. Dkt. 7 at 5–6. Tibbett fails to respond to this portion of the motion, which the Court considers as an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). Moreover, Tibbett's own summary of his claims are based on the underlying allegation that BONYM is not and has not been the holder of the Note. Dkt. 10 at 3. The bankruptcy court rejected this argument by concluding that BONYM was the proper holder of the Note and clearing the way for BONYM to foreclose. Dkt. 7-1, Exh. 11. The Court finds no reason to question this conclusion of the bankruptcy court under the same nucleus of facts and allegations. Therefore, the Court grants BONYM's motion and dismisses Tibbett's claims with prejudice as barred by res judicata.

**B.    Quality's Joinder**

Although Quality's joinder "fully adopts and incorporates" BONYM's arguments, it fails to address the issue of privity of parties under res judicata. Thus, the Court denies Quality's motion to the extent it relies on res judicata.

Regarding Quality's motion to dismiss based on failure to state a claim, such a motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, Quality argues that Tibbitt's wrongful foreclosure, Washington Consumer Protection Act ("CPA"), and Fair Debt Collections Practices Act ("FDCPA") claims should be dismissed for failure to state a claim. First, Tibbitt does not assert a wrongful foreclosure claim. Thus, the Court denies the motion on this issue.

Second, a CPA claim has five elements as follows: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 (2009) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986)). Quality argues that Tibbitt has failed to allege an unfair or deceptive act or damages. Dkt. 8 at 3–5. The Court agrees. For example, Tibbitt alleges generally that "Quality committed many unfair or deceptive acts or practices that violated various state and federal laws while in trade or commerce as I have

already shown." Dkt. 1-1 at 37. This is an improper conclusory allegation based solely on the elements of a CPA claim and fails to meet the minimum threshold for any entitlement to relief. Therefore, the Court grants Quality's motion on this claim.

Third, Quality argues that Tibbitt's FDCPA claim fails as a matter of law because binding precedent holds that a trustee is not a "debt collector" as defined in the statute. Dkt. 8 at 3 (citing *Ho v. ReconTrust Co., N.A.*, 840 F.3d 618, 620 (9th Cir. 2016)). The Court agrees with Quality on this issue pursuant to the amended opinion of *Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 572–77 (9th Cir. 2017), *cert. denied sub nom. Ho v. ReconTrust Co., N.A.*, 138 S. Ct. 504 (2017). Although the Ninth Circuit was interpreting California law, the basic premise was that in a nonjudicial foreclosure all of the debt is extinguished once a foreclosure occurs. *Id.* at 572. Thus, the trustee that merely enforces the security instrument is not collecting a debt. *Id.* This process is similar to Washington's, and Tibbitt fails to provide any argument or authority to the contrary. Therefore, the Court grants Quality's motion on this issue and dismisses Tibbitt's FDCPA claim against Quality as a matter of law.

**C.     Leave to Amend**

Tibbett moves for leave to amend his complaint. Dkt. 11 at 1. Tibbett, however, fails to provide an amended complaint with his motion or clearly state the facts or claims that he seeks to amend. Although leave to amend should be freely given, the Court declines to grant such a broad and nonspecific request to amend. Thus, the Court denies Tibbitt's motion. This does not end the discussion because in the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless

amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court finds that any amendment to the claims dismissed as a matter of law would be futile, which applies to all of Tibbitt's claims except his claim against Quality for violation of the CPA. Therefore, the Court grants Tibbett leave to amend this single claim. Any other claim included in an amended complaint will be subject to a motion to strike for failure to follow an order of the Court.

### III. ORDER

Therefore, it is hereby **ORDERED** that BONYM's motion to dismiss, Dkt. 7, and Quality's joinder in the motion, Dkt. 8, are **GRANTED**; Tibbitt's motion to amend, Dkt. 11, is **DENIED**; and Tibbitt is granted leave to amend his CPA claim against Quality. An amended complaint is due no later than August 16, 2019. Failure to file an amended complaint or otherwise respond will result in dismissal of the remaining claim without further order of the Court.

Dated this 23rd day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge